Chas. P. Daly, Ch. J.
This was not a referable cause, but one in which the defendants were entitled to a trial by jury. They admitted that they had received the goods, but set up as a defense, that the sale was upon credit, and that the debt was not due when the *232 action was brought. The plaintiffs, on their part, claimed that the defendants were guilty of a fraud in the purchase of the goods, so that the only issue was, whether the goods were fraudulently obtained or not; an issue which the defendants had a right to insist should be tried by a jury, and which could not be referred without their consent.
The ordering of a reference was not only erroneous, but the hearing before a referee upon one day’s notice was irregular, the statute declaring that the trial before the referee may be brought on upon not less than two, or more than four days’ notice (Laws of 1865, 796, ch. 436, § 3). Not only was the trial before the referee irregular and void, but it is even doubtful if the judgment was not entered .up while an order to stay proceedings was pending, the affidavits being conflicting as to whether the order to vacate the stay of proceedings was served before the judgment was entered up or not.
The ordering of a reference in a case which was not referable, was an error which could be remedied in the the marine court, only upon an appeal from the judgment. But the bringing of a cause to a hearing before a referee without the notice to the defendant which the law requires, was an irregularity, and the report of the referee, and all subsequent proceedings founded upon it, would, in a court of record, be set aside as irregular and void, upon a simple motion.
We are asked, upon a motion, to do, in respect to the execution (which by statute is to be enforced in the same manner as, and to be deemed a judgment of this court), what we would do if a judgment were entered up in this court, under like circumstances,—set it aside. It is not very clear what remedy the defendants would have in the marine court for this irregularity. It is a matter which would probably be reviewed upon an appeal. Be that as it may, the en *233 forcement of a judgment of the marine court, after the transcript is filed with the county clerk, rests exclusively with this court. We have the entire control of the matter; and this being the case, may stay the execution, or set it aside in cases where it is proper to do so, and we have all the facts before us, and both parties have been fully heard, as is the case in this motion. It appearing by the facts, that the reference and subsequent proceedings, were irregular and void, the execution in this court should be set aside.
The motion to that effect is accordingly granted.